**County Consumers Discount Company v. Haupt**

*Arnold Sousa,* for plaintiff.

*Roger N. Nanovic,* for defendants.

HEIMBACH, P. J., August 19, 1970.—We have before us defendants' preliminary objections to paragraphs 7 and 8 of plaintiff's complaint for lack of specificity.

Paragraph 7 states:

"7. On or before June 18th, 1965, the date of the execution of the aforesaid agreement, it became known to the Bank of Lehighton, the Modern Insurance Agency, and the individual sellers mentioned in the aforesaid agreement, as well as the County Consumer Discount Company, that certain commercial paper discounted with the aforesaid bank was in default, and as a result of the negotiations resulting therefrom, the aforesaid individual defendants agreed that the liabilities arising therefrom were valid in accordance with paragraph four in aforesaid agreement and agreed to make good the amount of the loss arising therefrom, as set forth in aforesaid paragraph four of the agreement."

Paragraph 8 states:

"8. As a result of the aforesaid defaulted commercial paper, $969.27 was charged against the reserve account described in the aforementioned agreement upon an automobile sold by Moyer and Haupt to one Vonetsky, and, in addition, the sum of $555.48 was charged against the reserve account for an automobile sold by Kovich to one Cihucki."

Summarized, the complaint properly sets forth that defendants, being automobile dealers and shareholders in a corporation, entered into an agreement to sell their shares to plaintiff and agreed that their former endorsements on any paper discounted by the Bank of Lehighton would remain a valid liability and they would pay to the bank on repossession of any vehicle financed the closeout figure.

Defendants' specific objections are these:

1. The complaint fails to set forth sufficient facts concerning the transactions alleged in paragraph 7 of said complaint, to which defendants can make answer.

2. The complaint fails to set forth with specificity

the certain commercial paper which was in default, all of which is necessary for a proper answer to be filed by defendants. Wherefore, defendants request that the said complaint be stricken and a more specific complaint ordered.

Defendants' reasons for such objections, summarized, are these:

1. Paragraph 7 is a generalization and in no fashion states what commercial paper discounted by plaintiff was in default and for which defendants assumed liability.

2. That paragraph 8 merely states there was defaulted commercial paper of one Vonetsky in the amount of $969.27, and the other of one Cihucki in the amount of $555.48, and in no fashion identifies the type of transaction by giving the date, time, place, and make of the automobile, and the endorser, etc.

Defendants' complaint is a valid one. The complaint does not inform defendants with accuracy and completeness of the specific basis on which recovery is sought, so that they may know without question upon what grounds to make their defense. See cases cited in Goodrich-Amram, Pa. R. C. P. §1017(b)-9, page 185. Were this the sole reason, we might hesitate in granting defendants' motion for the reason that discovery proceedings could provide this information. Likewise, see cases cited in same volume, supra, commencing at page 182.

It would appear that Pa. R. C. P. 1019(h) mandates granting defendants' motion. Such rule provides:

"(h) A pleading shall state specifically whether any claim or defense set forth therein is based upon a writing. If so, the pleader shall attach a copy of the writing, or the material part thereof, but if the writing or copy is not accessible to him, it is sufficient so to

state, together with the reason, and to set forth the substance of the writing."

Plaintiff has failed to comply with this rule.

Plaintiff's dehors statements in its brief that the papers on which losses are predicated are not available and cannot be supplied, and that it does not have the information defendants request, furnishes no legal reason for not complying with Pa. R. C. P. 1019(h), supra. This is particularly so in view of the further dehors statement of both plaintiff and defendants that defendants have no knowledge of the two transactions involved and believe any papers negotiated were forged.

Wherefore, we enter the following:

### ORDER

And now, to wit, August 19, 1970, defendants' preliminary objections are sustained and plaintiff is given 20 days to amend its complaint so that compliance with Pa. R. C. P. 1017(b)-(9) and 1019(h) will be had, on penalty of a non pros. being entered on praecipe of defendants.